OPINION
Plaintiffs-appellants Walter J. Douglas and Linda J. Douglas appeal from the April 5, 1999, Judgment Entry of the Massillon Municipal Court. Defendant-appellant is Pam Stackhouse.
 STATEMENT OF THE FACTS AND CASE
Pursuant to the Last Will and Testament of James R. Douglas, Joyce Douglas, who is not a party to this case, was bequeathed a life estate in specified real estate located in Massillon, Ohio, whereas appellants were bequeathed a remainder interest in such property. Appellants' offer to purchase Douglas' interest in the real estate was declined by Douglas, who then proceeded to rent the subject property to appellee Pam Stackhouse. On or about February 26, 1999, appellants served a "Notice to Leave the Premises" on appellee Stackhouse. Appellants, in their notice, stated that "Joyce A. Douglas violated her `life estate' arrangement by `renting' the said premises" to appellee Stackhouse. Thereafter, on March 2, 1999, appellants filed a Complaint for Forcible Entry and Detainer against appellee Stackhouse in Massillon Municipal Court. Appellants have not filed an action alleging that appellee committed waste. Pursuant to a Magistrate's Order/Recommendation filed on March 24, 1999, the Magistrate, finding that appellants did not have a possessory interest in the subject premises and, therefore, had no legal basis to evict appellee, recommended that appellant's case be dismissed with prejudice. Appellants, on April 1, 1999, filed their objection to the Magistrate's Decision. Thereafter, the trial court, pursuant to a Judgment Entry filed on April 5, 1999, overruled appellants' objection and approved and adopted the Magistrate's Recommendation as the order of the court. A Nunc Pro Tunc Judgment Entry to correct the case number was filed on April 22, 1999. On April 27, 1999, appellants filed a Notice of Appeal. This case was later assigned to the accelerated calendar. Although appellants do not set forth any specific assignments of error, appellants generally maintain that the trial court erred in holding that appellants have no legal basis to evict appellee. We find, however, that the decision of the trial court must be affirmed since a person possessing a life estate in specified property can lease the property to someone else for the duration of the life estate. See Noble v. Tyler (1900), 61 Ohio St. 432 and Fruth v. Schulz (May 12, 1995), Wood App. No. WD-94-052, unreported. As the court noted in Fruth, supra., the power to rent is inherent in a life estate absent a specific prohibition in the granting clause of a will providing otherwise. No such language is contained in the Last Will and Testament bequeathing the life estate to Douglas. Since it was, therefore, within Douglas' power to rent the subject premises to appellee, appellants have no legal basis for bringing an eviction action against appellee. The Judgment of the Massillon Municipal Court is, therefore, affirmed.
By Edwards, J. Wise, P.J. and Hoffman, J. concur